United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10411
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JESUS OLIVARES,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-155-3-Y
---------------------

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Jesus Olivares, federal prisoner # 20583-077, appeals the

district court's denial of his motion for resentencing under

Amendment 505 of the United States Sentencing Guidelines and the

Sixth Amendment pursuant to 18 U.S.C. § 3582(c)(2).  He argues

that the district court erred in not stating whether it had

considered the factors set forth in 18 U.S.C. § 3553(a) in its

order denying his 18 U.S.C. § 3582(c)(2) motion.  Specifically,

the district court determined that Olivares had previously filed

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an 18 U.S.C. § 3582(c)(2) motion seeking resentencing under Amendments 439, 500, and 505, which the district court had denied. The district court also determined that his Sixth Amendment claim was based on Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), and that this claim was not cognizable in an 18 U.S.C. § 3582(c)(2) motion because it was not based on a retroactive amendment to the Guidelines. The district court also noted in its initial denial of Olivares's first 18 U.S.C. § 3582(c)(2) motion that even if Amendment 505 were applied retroactively, Olivares would still have been subject to a term of life imprisonment. The district court's implicit consideration of the factors set forth in 18 U.S.C. § 3553(a) was sufficient. See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995); see also United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997).

Olivares also argues that the district court erred in determining that his constitutional claim was based on Blakely and Booker. He argues that he was merely asking that the district court respect his constitutional rights while it was considering his 18 U.S.C. § 3582(c)(2) motion. The district court did not err in determining that Olivares's Sixth Amendment claim and his constitutional claims challenging the sentencing enhancement were based on Blakely and Booker although he did not cite these cases. The district court correctly determined that Olivares's challenge to the sentencing enhancements was not

cognizable under 18 U.S.C. § 3582(c)(2) because the claim was not based on a retroactive amendment to the Guidelines. See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994). Even if the court misinterpreted Olivares's claim, Olivares is not entitled to relief on this ground because he has not demonstrated that the district court violated any of his constitutional rights in its consideration and denial of his 18 U.S.C. § 3582(c)(2) motion. Therefore, the district court's denial of Olivares's 18 U.S.C. § 3582(c)(2) motion is AFFIRMED.