**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-30798
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERIC WAYNE HAWKINS

Defendant-Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-194-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eric Wayne Hawkins, federal prisoner # 04089-095, was convicted after a jury trial of two counts of crack cocaine related offenses and was sentenced as a career offender to a term of life in prison and to a concurrent term of 360 months in prison. He moves to proceed in forma pauperis (IFP) in this appeal from the district court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Hawkins leave to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for leave to proceed IFP, Hawkins is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Hawkins challenges his sentencing as a career offender and argues that § 3582(c) is applicable to his sentences based upon the amendments to the crack cocaine guidelines. Hawkins may not use a § 3582(c)(2) motion as a challenge to the appropriateness of the district court's application of a career offender enhancement in its calculation of his original sentences. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Moreover, because Hawkins's sentences were based upon his prior convictions and not upon a quantity of crack cocaine, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).

Hawkins has not shown that the district court's determination that his appeal would be frivolous was incorrect. Accordingly, his request for IFP is DENIED. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.