**REVISED**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-10276
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

HILARIO GONZALEZ-BALDERAS, SR.,
also known as Hilario Perez,
also known as Mr. Perez

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
February 3, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:

Hilario Gonzalez-Balderas, Sr. appeals the district court's denial of his post-conviction motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

## BACKGROUND

Following a jury trial, Appellant was convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); engaging in a continuing criminal

enterprise, in violation of 21 U.S.C. § 848 (Count 121); and conspiring to transport funds out of the United States to promote unlawful activity, in violation of 18 U.S.C. § 371 (Count 122). The district court sentenced Gonzalez-Balderas to life imprisonment on Counts 1 and 121 and to five years imprisonment on Count 122, all to run concurrently.

On appeal, a panel of the Fifth Circuit held that conspiracy in violation of 21 U.S.C. § 846 is a lesser-included offense of continuing criminal enterprise in violation of 21 U.S.C. § 848. United States v. Gonzalez-Balderas, 11 F.3d 1218, 1225 (5th Cir.), cert. denied, 114 S. Ct. 2138 (1994). Accordingly, we vacated Gonzalez-Balderas's conviction and sentence as to the conspiracy count, as violative of the Double Jeopardy Clause, but affirmed the convictions and sentences as to Counts 121 and 122. Id.

In January 1996, Gonzalez-Balderas moved for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), requesting that his sentence be reduced in light of a 1994 amendment to U.S.S.G. § 2D1.1(c) ("Amendment 505"), which reduced the maximum base offense level outlined in the drug quantity table from 42 to 38. The district court summarily denied the motion. Gonzalez-Balderas unsuccessfully moved for reconsideration, and he now appeals.

**ANALYSIS**

Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by

2

the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  The applicable policy statement is U.S.S.G. § 1B1.10.  United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996).  Subsection (c) of that provision dictates that Amendment 505 is designated for retroactive application.  U.S.S.G. § 1B1.10(c), p.s.

Having determined that Amendment 505 is designated for retroactive application, we note that the decision whether to reduce a sentence is left to the sound discretion of the trial court.  Thus we review for abuse of discretion only.  United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995).  In exercising this discretion, the sentencing court is guided by U.S.S.G. § 1B1.10(b), which instructs the court to "consider the sentence that it would have imposed" had Amendment 505 been in effect at the time the defendant was sentenced.  Further, 18 U.S.C. § 3582(c)(2) directs the sentencing court to consider the numerous factors set forth in 18 U.S.C. § 3553(a) when determining the defendant's sentence.  See Whitebird, 55 F.3d at 1009 (listing certain of the applicable factors).

In the instant case, the district court summarily denied Gonzalez-Balderas's motion for reduction of sentence without stating whether it had considered the factors set forth in § 3553(a), thus leaving intact Gonzalez-Balderas's life sentence. Gonzalez-Balderas contends that Amendment 505 serves to lower his total offense level to 42, which leaves the district court with discretion to sentence him anywhere from 360 months to life imprisonment.  U.S.S.G. ch. 5, pt. A.  He thus maintains that the

court abused its discretion when it sentenced him at the top of the sentencing range without weighing the § 3553(a) factors. See United States v. Towe, 26 F.3d 614, 616 (5th Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182 (1962), for the proposition that a denial of a motion to amend without substantial reason appearing for such a denial is not an exercise of discretion). But see Whitebird, 55 F.3d at 1010 (affirming the district court's summary denial of a § 3582(c) motion on the ground that it implicitly considered the § 3553(a) factors). Because we believe that Gonzalez-Balderas's total offense level is 44, which corresponds to mandatory life imprisonment, U.S.S.G. ch. 5, pt. A., the district court did not abuse its discretion in refusing to reduce Gonzalez-Balderas's term of imprisonment. Thus we affirm.

The Sentencing Guidelines direct the sentencing court to apply U.S.S.G. § 2D1.5 when a defendant is convicted of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. Section 2D1.5 provides:

> (a) Base Offense Level (Apply the greater):
>
> > (1) **4** plus the offense level from § 2D1.1 applicable to the underlying offense; or
> >
> > (2) **38**.

U.S.S.G. § 2D1.5(a). Applying the cross-reference set forth in § 2D1.5(a)(1), the base offense level is calculated by reference to the drug quantity table outlined in subsection 2D1.1(c). The drugs forming the basis of Gonzalez-Balderas's offense far exceed the top of the drug quantity table, but Amendment 505--which applies

4

retroactively--reduces the top base offense level of the drug quantity table from 42 to 38.

Gonzalez-Balderas agrees with the analysis in the paragraph immediately above. We diverge at this point, however. He insists that his total offense level should be 42, which corresponds, in his view, to the 38 derived from the drug quantity table plus the 4 specified in § 2D1.5(a)(1). He does not enhance his offense level with any specific offense characteristics, presumably because § 2D1.5 does not explicitly list any specific offense characteristics. Further, he does not apply any adjustment for his role in the offense, because the application notes to § 2D1.5 instruct the sentencing court not to apply any adjustment from Chapter Three, Part B (Role in the Offense). U.S.S.G. § 2D1.5 (application note 1). Thus, Gonzalez-Balderas arrives at a total offense level of 42, which translates to a term of imprisonment ranging from 360 months to life.[1] U.S.S.G. ch. 5, pt. A.

We agree with Gonzalez-Balderas that § 2D1.5 directs that his offense level should not be enhanced by any adjustment from Chapter Three, Part B of the Guidelines. We believe, however, that specific offense characteristics do apply to enhance his offense level. Gonzalez-Balderas's error stems from the fact that he does not consider the specific offense characteristics of § 2D1.1. As noted above, § 2D1.5(a)(1)--the applicable guideline for a

---

[1]Before Amendment 505, the Presentence Investigation Report calculated Gonzalez-Balderas's offense level at 46 for the continuing criminal enterprise count, thus providing for a mandatory life sentence. U.S.S.G. ch. 5, pt. A.

continuing criminal enterprise conviction--cross-references § 2D1.1 in determining the applicable offense level. Gonzalez-Balderas, however, cross-references only the drug quantity table set forth in § 2D1.1(c), and not the specific offense characteristics of § 2D1.1(b).

We think, however, that § 2D1.5(a)(1) references § 2D1.1 in its entirety, *i.e.*, the specific offense characteristics of § 2D1.1(b), as well as the base offense level provided for in the drug quantity table of § 2D1.1(c). Our conclusion is supported by two distinct rationales. First, the text of § 2D1.5(a)(1) instructs the sentencing court to apply "4 plus the offense level from § 2D1.1 applicable to the underlying offense." Notably, it does not specify, "4 plus the *[base]* offense level from § 2D1.1*[(c)]* applicable to the underlying offense." Thus, although there are no specific offense characteristics listed directly under § 2D1.5, they apply, in this instance, by reference to § 2D1.1.

Second, this reading of § 2D1.5 is further compelled by the particular specific offense characteristic at issue: the dangerous weapon enhancement. In the instant case, the Presentence Investigation Report enhanced Gonzalez-Balderas's offense level for the § 846 drug conspiracy conviction by 2 points pursuant to § 2D1.1(b)(1) because Gonzalez-Balderas possessed a dangerous weapon. Although we vacated the § 846 conviction as violative of the Double Jeopardy Clause, we are convinced that the dangerous weapon enhancement also applies to the continuing criminal enterprise conviction by reference from § 2D1.5(a)(1). The application notes

6

to § 2D1.1 specifically instruct the sentencing court to apply the enhancement for weapon possession to offenses that are referenced to § 2D1.1, including, *inter alia*, § 2D1.5.[2]  U.S.S.G. § 2D1.1 (application note 3).

In the instant case, we apply the 2-level enhancement for possession of a dangerous weapon, and thus Gonzalez-Balderas's offense level is 44 (38 from the drug quantity table plus 2 for the weapon enhancement plus 4 from § 2D1.5(a)(1)).  The sentencing table instructs that the term of imprisonment for an offense level of 44 is life.  U.S.S.G. ch. 5, pt. A.  Although Amendment 505 did lower Gonzalez-Balderas's offense level, a level of 44 still gives rise to life imprisonment.  Because the district court was bound to sentence Gonzalez-Balderas to life imprisonment, it did not abuse its discretion in summarily denying his motion for reduction of sentence without explicitly considering the factors set forth in 18 U.S.C.§ 3553(a).

AFFIRMED.

---

[2]The fact that the application notes to § 2D1.5 instruct the court not to apply any adjustment from Chapter Three, Part B (Role in the Offense) does not mean that the court should also not apply the specific offense characteristics from § 2D1.1.  Enhancements for specific offense characteristics are different than enhancements for a defendant's role in the offense.