IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10698
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY GEORGE ALLEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:92-CR-365-1-D
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Anthony George Allen, federal prisoner #40428-053, appeals from the district court's denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that he was entitled to a reduction in his sentence based upon the retroactive application of Amendment 505 to U.S.S.G. § 2D1.1(c). Amendment 505, which does apply retroactively, amended § 2D1.1 to establish level 38 as the highest category of the drug quantity table. Even if Amendment 505 was retroactively applied to Allen's case, however, his new offense level would still result

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in a term of life imprisonment.  Allen's claim that he was entitled to an additional three-level reduction for acceptance of responsibility was explicitly rejected by this court on his direct appeal and, further, there is nothing in the record to support his contention that the Government would have agreed with his request for such a reduction.  The district court did not abuse its discretion by denying Allen's motion for reduction of sentence.  See United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997).  Accordingly, the judgment of the district court is AFFIRMED.