IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10471
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABRAHAM PADILLA, also known as
Bene Padilla,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CR-339-1-R
- - - - - - - - - -
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:*

Abraham Padilla, federal prisoner # 67276-079, requests leave to proceed in forma pauperis (IFP) in appealing from the district court's denial of his motion for modification of the imposed term of imprisonment under 18 U.S.C. § 3582(c)(2). Padilla argues that (1) the Government and arresting officers had no search warrant when they illegally searched his residence; (2) the district court erred in denying his motion to withdraw his guilty plea; (3) the district court sentenced Padilla even

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

though it had never accepted his guilty plea; (4) the amount of drugs attributed to Padilla was not the amount provided for in the plea agreement or consistent with the amount understood between him and his counsel; (5) the district court impermissibly accepted the Government's estimate of the amount of drugs; and (6) appellate counsel failed to order sentencing transcripts on appeal. These claims, which are not based upon an amendment to the Sentencing Guidelines, are not cognizable in an 18 U.S.C. § 3582(c)(2) motion. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997).

Padilla also seeks relief on the basis of Amendments 503 and 518 to the Sentencing Guidelines. Amendment 503, which was effective November 1, 1994, was already in effect when Padilla was sentenced in 1995 and therefore will not support a motion under 18 U.S.C. § 3582(c)(2). U.S.S.G. App. C, amendment 503; see United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994). Amendment 518 is not one of the amendments listed as retroactive under U.S.S.G. § 1B1.10(c), a requirement for an 18 U.S.C. § 3582(c)(2) motion. Accordingly, Padilla's claim based upon Amendment 518 is not cognizable under 18 U.S.C. § 3582(c)(2). See United States v. Miller, 903 F.2d 341, 349 (5th Cir. 1990).

Padilla's appeal is without arguable merit and is thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Padilla's request for leave to proceed IFP is DENIED, and the appeal is DISMISSED. 5th Cir. R. 42.2.

IFP DENIED. APPEAL DISMISSED.