IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10788
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

                              versus

RAMONA JOHNSTON MANTHEI,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:88-CR-189-E
_____
November 6, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

    Ramona Johnston Manthei appeals the district court's denial of her motion to

reduce sentence under 18 U.S.C. § 3582(c)(2). Manthei contends that the trial court

abused its discretion in holding that Amendment 484 was inapplicable to her

sentence.

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if the reduction is consistent with the policy statements issued by the Sentencing Commission.[1] A § 3582(c)(2) motion applies only to those guideline amendments that operate retroactively as listed in the policy statement to U.S.S.G. § 1B1.10(c).[2] Reduction under § 3582(c)(2) is discretionary, and this court reviews a district court's refusal to lower a defendant's sentence for abuse of discretion.[3] A district court's factual findings made in a § 3582(c)(2) proceeding, however, are reviewed for clear error.[4]

In calculating Manthei's sentence, the record reveals that the trial court considered not only the amphetamine she distributed to an undercover agent, but also the capacity of the laboratory operated by her.[5] Consistent with Amendment 484 to the sentencing guidelines, no inadmissible drug waste product was considered by the court in its calculation.[6]

Accordingly, the district court did not abuse its discretion by refusing to apply Amendment 484 to Manthei's sentence. AFFIRMED.

---

[1]United States v. Gonzalez-Balderas, 105 F.3d 981 (5th Cir. 1997).

[2]United States v. Miller, 903 F.2d 341 (5th Cir. 1990).

[3]United States v. Shaw, 30 F.3d 26 (5th Cir. 1994).

[4]United States v. Mimms, 43 F.3d 217 (5th Cir. 1995).

[5]United States v. Allison, 63 F.3d 350 (5th Cir. 1995).

[6]Id.; United States v. Manthei, 913 F.2d 1130 (5th Cir. 1990).