IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31044
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN D. ROSS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CR-42-ALL-B
--------------------
May 29, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brian D. Ross, federal prisoner #03211-095, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Ross contends that Amendment 591 to the sentencing guidelines retroactively applies to bar the calculation of his sentence based on conduct beyond his offense of conviction. Ross asserts that his base offense level was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improperly calculated based on his purported possession of more than five grams of cocaine base and that the district court violated his constitutional rights, including his right against double jeopardy, by increasing his base offense level by two levels for possession of a firearm.

18 U.S.C. § 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the sentencing guidelines, if the reduction is consistent with the policy statements issued by the Sentencing Commission. United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). The applicable policy statement is U.S.S.G. § 1B1.10, which provides that the court should consider the term of imprisonment it would have imposed had certain amendments, including Amendment 591, been in effect at the time of sentencing. Id.; U.S.S.G. § 1B1.10(c), p.s.

Nothing in Amendment 591 requires that the sentencing guidelines be applied any differently than they were at Ross' sentencing. As required by Amendment 591, the district court applied U.S.S.G. § 2K2.1, the guideline section identified in the Statutory Index as applicable to an 18 U.S.C. § 922(g) offense. Amendment 591 does not bar either the district court's application of the U.S.S.G. § 2K2.1(c)(1)(A) cross-reference or its consideration of Ross' relevant conduct of drug possession in applying that cross-reference. Furthermore, Ross' assertion that

his constitutional rights were violated because his base offense level was increased by two levels based on his possession of a firearm has no relation to Amendment 591 or any other sentencing guidelines amendment.

In light of the foregoing, Ross has failed to establish that his sentence was based upon a sentencing range that has subsequently been lowered by an amendment to the sentencing guidelines. See Gonzalez-Balderas, 105 F.3d at 982. Ross' claims therefore do not implicate 18 U.S.C. § 3582(c)(2), and the district court lacked the authority to reduce Ross' sentence pursuant to that statute. See United States v. Lopez, 26 F.3d 512, 515 & n.3 (5th Cir. 1994). The district court's judgment denying Ross' motion for reduction of sentence is AFFIRMED.