**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-50369
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON LAMONTE McCUTCHEON,

Defendant-Appellant.

Appeal from United States District Court
for the Western District of Texas
(USDC No. W-92-CR-26-5)

August 2, 1999

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this appeal, Byron Lamonte McCutcheon ("McCutcheon"), a federal prisoner (# 60246-080), challenges the district court's order denying his motion for a reduction in his sentences pursuant to 18 U.S.C. § 3582(c)(2) (1994). We must determine whether the district court abused its discretion in denying his motion in light of an amendment to the U.S. Sentencing Guidelines ("Guidelines").

In 1993, McCutcheon was convicted for conspiracy to possess with intent to distribute crack cocaine and for possession of cocaine with intent to distribute. The district court set McCutcheon's offense level at 40 and his criminal history at III. The court then sentenced McCutcheon at the bottom of the Guidelines' imprisonment range (360 months to life) to concurrent terms of imprisonment of 360 months on the conspiracy count and 240 months on the possession count. The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

convictions and sentences were affirmed on direct appeal. See United States v. Mitchell, 31 F.3d 271, 274-79 (5ᵗʰ Cir. 1994). Subsequently, we dismissed McCutcheon's appeal from the district court's order denying his motion for habeas relief under 28 U.S.C. § 2255.

McCutcheon then filed the motion giving rise to the instant appeal for reduction of his sentence. "Based upon the nature of the offense and the circumstances surrounding its commission, as well as the need for the sentence to reflect the seriousness of the offense and promote both deterrence and respect for the law," the district court declined to exercise its discretion to reduce the sentence. McCutcheon timely appealed, and the district court permitted him to proceed in forma pauperis to this court.

McCutcheon contends on appeal that the district court abused its discretion in denying his § 3582(c)(2) motion.[1] Under Amendment 505 to the Guidelines, which took effect November 1, 1994, McCutcheon argues that his offense level should be 38. See U.S. SENTENCING GUIDELINES MANUAL ("USSG") app. C, amend 505 (1998) (setting the upper limit of the Drug Quantity Table in USSG § 2D1.1 at level 38); see also USSG sentencing table. At that offense level, the Guidelines' imprisonment range would be 292-365 months. See USSG sentencing table.

We begin by noting that "[s]ection 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5ᵗʰ Cir. 1997). The applicable policy statement here is § 1B1.10, see id., which states that Amendment 505 may be applied retroactively, see § 1B1.10(c), because McCutcheon was sentenced before the amendment took effect. Of course, the decision whether to reduce a sentence pursuant to § 3582(c)(2) is within

---

[1] In support of his argument, McCutcheon correctly observes that the district court erred in stating that his offense level was raised to 42 because he possessed a gun in connection with the offense. The Government concedes that, at sentencing, the district court actually *granted* McCutcheon's objection to the Probation Officer's recommendation that the offense level be enhanced because McCutcheon possessed a firearm.

2

the sound discretion of the district court and is reviewed only for abuse of discretion. <u>See Gonzalez-Balderas</u>, 105 F.3d at 982.

When considering a § 3582(c)(2) motion, the sentencing court "should consider the term of imprisonment that it would have imposed had the amendment(s) . . . been in effect at the time the defendant was sentenced." USSG § 1B1.10(b). Section 3582(c)(2) further directs the sentencing court to consider the factors set forth in § 3553(a) in deciding whether to reduce the defendant's sentence: (1) the nature and the circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; (3) the kinds of sentences available; (4) the sentencing range established for the offense; (5) any pertinent Guidelines policy statement; and (6) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. § 3553(a).

Although the district court stated that it had given consideration to the motion and the factors set forth in § 3553(a), its ruling was apparently based in part on its erroneous understanding that McCutcheon had been held accountable for possessing a firearm in connection with the offense. Because reliance on that incorrect assumption could affect several of the § 3553(a) factors, we hereby VACATE the district court's order and REMAND the case for further proceedings. <u>See</u> <u>United States v. Levay</u>, 76 F.3d 671, 672-75 (5th Cir. 1996). We intimate no opinion as to whether the district court should exercise its discretion to resentence McCutcheon.

VACATED AND REMANDED.