United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-51221
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

**versus**

**CEDRIC DEON REED,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Texas
(A-99-CR-221-ALL-JN)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cedric Deon Reed, federal prisoner # 95287-080, appeals, *pro se*, the denial of his postconviction motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Reed was convicted on his guilty plea of conspiracy to carry a firearm in relation to a drug-trafficking offense, in violation of former 18 U.S.C. § 924(o) and 18 U.S.C. § 2. In calculating Reed's offense level under the Sentencing Guidelines, the district court added four levels for his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of a firearm in connection with the offense of conviction, pursuant to U.S.S.G. § 2K2.1(b)(5).

In his motion to reduce his sentence, Reed asserted that he should be resentenced without this four-level increase, in the light of Guideline Amendment 599. The district court denied relief without stating specific reasons. The district court's ruling on such a motion is reviewed for abuse of discretion. *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995).

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Section 1B1.10(c), p.s., provides that Amendment 599 is retroactive.

Amendment 599 amends the Commentary to U.S.S.G. § 2K2.4. The amendment clarified "under what circumstances defendants *sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses* may receive weapon enhancements contained in the guidelines for those other offenses". Amendment 599 (emphasis added). This does not apply to Reed, who was sentenced for only one offense, which was not § 924(c).

Although he asserts in a conclusory fashion that the application of Amendment 599 to § 2K2.4 and not to § 2K2.1 is unconstitutional, Reed does not identify any issue for appellate review.  Appellants, including those proceeding *pro se*, must brief the issues they present.  *See **Yohey v. Collins***, 985 F.2d 222, 224-25 (5th Cir. 1993).

Reed also contends that his sentence should not have been enhanced for possession because he never possessed a firearm.  He bases this on his assertion that he was convicted of conspiracy to attempt to possess.  This lacks merit because Reed was convicted of conspiracy to use and carry a firearm during a drug-trafficking crime; no attempt was alleged.  Furthermore, the presentence investigation report shows that Reed and his coconspirator possessed the firearm in their vehicle.  The district court did not abuse its discretion by denying relief to Reed.

**AFFIRMED**