United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10367
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALTONIO O'SHEA DOUGLAS, also known as Tony,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-141-10
- - - - - - - - - -

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Altonio O'Shea Douglas, federal prisoner # 23798-077, appeals the district court's denial of his second motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). Douglas argues that he is entitled to a reduced sentence under Amendment 505 to the Sentencing Guidelines and the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court exercises sound discretion in determining whether to grant a 18 U.S.C. § 3582(c)(2) motion, and we review its decision for abuse of discretion only.  United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997).  The district court did not abuse its discretion in denying Douglas's motion.  This court's previous opinion denying relief under § 3582(c)(2) with respect to Douglas's Amendment 505 claim is the law of the case.  See United States v. Becerra, 155 F.3d 740, 752-52 (5th Cir. 1998).  Douglas's Booker claim is not cognizable in the context of a 18 U.S.C. § 3582(c)(2) motion because it is not based on a retroactive amendment to the Guidelines.  See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

AFFIRMED.