**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-10512
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ANTONIO MURILLO, also known as Delio

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-206-3

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Luis Antonio Murillo, a federal prisoner, appeals the denial of a motion in which he sought to have his sentence reduced under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c) as a result of the adoption of Amendment 706 to the United States Sentencing Guidelines. Amendment 706 applies to those whose sentences were determined by calculating their guidelines offense levels in accordance with the pertinent Guideline for crack cocaine.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See U.S. v. Burns*, 526 F.3d. 852, 861 (5th Cir. 2008).

Section 3582 permits a defendant to move, under certain circumstances, for discretionary modification of his sentence if it was based on a sentencing range that the Sentencing Commission later lowered, such as the Guideline for crack cocaine.[2]  But Murillo's total offense level was not based on the Guideline for crack cocaine; it was instead based only on the quantity of powder cocaine that was attributable to Murillo.  Amendment 706 therefore does not apply to Murillo.  A defendant's prison term is not subject to reduction on a § 3582(c)(2) motion if a particular guidelines amendment, such as Amendment 706, does not apply to the defendant.[3]  Thus, as the district court noted, Murillo "is not eligible for a sentencing reduction."[4]

AFFIRMED.

---

[2] Section 3582(c)(2); *U.S. v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).

[3] *See* § 1B1.10, comment. (n.1(A)).

[4]  The district court accurately identified Murillo's problem as the lack of statutory basis for a federal court to entertain his motion and revisit his sentence.  We construe this judgment as being jurisdictional in nature and affirm on that basis. *See U.S. v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).