**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-30992
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRENT JOSEPH LEWIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:00-CR-20030-10

Before KING, STEWART, and HAYNES, Circuit Judges

PER CURIAM:[*]

Brent Joseph Lewis, federal prisoner # 10577-035, filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) wherein he sought a reduction in his offense level based on Amendment 706 to the crack cocaine Guidelines. He appeals the denial of that motion.

Although the district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, a court's interpretation of the Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2009). Because the district court's denial of the motion was based on its determination that it could not reduce Lewis' sentence due to his career offender status under the Guidelines, review is de novo. *See id.*

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Sentence reductions under § 3582 are thus governed by the policy statements of the Guidelines. *Doublin*, 572 F.3d at 237.

Section § 3582(c)(2) does not, per se, prevent a career offender from seeking relief under that subsection. However, in order for a career offender to be eligible for relief under § 3582(c)(2), the applicable sentencing range must be lowered as a result of an amendment to the sentencing guidelines. § 3582(c)(2). Because the career offender guidelines require the district court to apply the offense level specified by the career offender table if that level is greater than the otherwise applicable base offense level, the lowest possible base offense level that Lewis could have received as a career offender facing a statutory maximum sentence of 20 years was 32. *See* U.S.S.G. § 4B1.1(c). Following, a three-level reduction for acceptance of responsibility, Lewis' total offense level would be at least 29, the same total offense level originally determined by the district court. Because Lewis' total offense level has not changed, his sentencing range has not changed, and the district court was correct in concluding that a reduction was not permitted under § 3582(c)(2).

Lewis' argument that the district court had the discretion to reduce his sentence under § 3582 in light of *United States v. Booker,* 543 U.S. 220 (2005), is unavailing because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238. Although the Guidelines must be treated as advisory in an original sentencing proceeding,

*Booker* does not prevent Congress from incorporating a Guideline provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Id.* at 239 (internal quotation and citation omitted).

The district court's judgment is AFFIRMED.