# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-41270
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GENE EARL PETTAWAY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CR-40-1

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gene Earl Pettaway, federal prisoner # 95088-080, filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he sought a reduction in his offense level based on Amendment 706 to the crack cocaine Guidelines. Pettaway appeals the district court's denial of that motion. The Government has filed a motion for summary affirmance or, alternatively, for an extension of time to file a brief on the merits.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, a court's interpretation of the Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009), *petition for cert. filed* (Sept. 21, 2009) (No. 09-6657). Because the district court's denial of Pettaway's motion was based on its determination that it could not reduce Pettaway's sentence due to his career offender status under the Guidelines, review is de novo. *See id.*

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission, "if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Sentence reductions under § 3582 are thus governed by the policy statements of the Guidelines. *Doublin*, 572 F.3d at 237.

Pettaway's guidelines range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career offender status. The district court was thus correct in concluding that a reduction was not permitted under § 3582(c)(2). *See* § 3582(c)(2). Pettaway's argument that the district court had the discretion to reduce his sentence under § 3582 in light of *United States v. Booker,* 543 U.S. 220 (2005), is unavailing because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238. Although the Guidelines must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a Guideline provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Id.* at 239 (internal quotation and citation omitted).

The district court thus did not err in denying Pettaway's motion for a reduction of sentence. The district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED.