**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-11180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HENRY GENE LAFFOON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-128-1

Before WIENER, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Henry Gene Laffoon, federal prisoner # 32074-177, appeals following the district court's denial of his motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) wherein he argued that the Sentencing Guidelines had been amended retroactively and that such amendment resulted in a lowered sentencing range for his offense. The Government moves for summary

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

affirmance or dismissal of the appeal, or, alternatively, for an extension of time to file a brief.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission, "if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). The district court's decision whether to reduce a sentence is reviewed for an abuse of discretion; the court's interpretation of the Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009), *petition for cert. filed* (U.S. Sept. 21, 2009) (No. 09-6657).

Amendment 599 became effective in 2000, five years before Laffoon was sentenced. *See* U.S.S.G., app. C, Amendment 599. The presentence report reflected application of Amendment 599 in determining his sentencing range, which was adopted by the district court. Because Laffoon's § 3582(c)(2) motion was not based on a sentencing range that was "subsequently" lowered by the Sentencing Commission, the district court did not err in denying the motion. The Government's motion for summary affirmance is GRANTED. The alternative motion for an extension of time is DENIED as unnecessary.

AFFIRMED.