# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-50433
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IVY LEE GREEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-114-ALL

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

In 2005 Ivy Lee Green, federal prisoner # 32856-013, pleaded guilty to one count of possession with intent to distribute crack cocaine. He appeals the denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon amendments to the Sentencing Guidelines, which lowered the applicable offense level for crack cocaine offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which modified the guidelines ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. *United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). In general, the effect of Amendment 706 is to decrease by two levels the base offense levels for crack cocaine offenses. *See* U.S.S.G. § 2D1.1 (2007); U.S.S.G. Supp. to App'x C, Amend. 706. Amendment 706 has been made retroactive effective March 3, 2008. *Burns*, 526 F.3d at 861.

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir.1997). The district court's decision whether to reduce a sentence is reviewed for abuse of discretion. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). In exercising its discretion as to whether to lower a defendant's sentence under § 3582(c)(2), the district court is instructed to consider (1) the 18 U.S.C. § 3553(a) factors, (2) "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and (3) "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, comment. n.1(B)(ii)-(iii).

The district court denied the reduction based upon, inter alia, the need both to protect the public and to deter Green from future criminal conduct in light of Green's lengthy criminal history; the district court also cited the repeated disciplinary infractions committed by Green in prison following his conviction. Green's contention that his criminal conduct was too remote to justify the denial of the requested reduction is belied by the record. As the Government, which opposed any reduction below, states in its brief:

"During the time since his first serious offense (Robbery in 1978), . . . Appellant was convicted of Theft in 1979, Burglary in 1991, Possession of Marijuana in 1985, another Theft in 1987, Failure to Identify to a Police Officer in 1990, he served five years in prison for Burglary of a Habitation in 1991 (additionally, he was held accountable at that time for evading detention), Failure to Identify to a Peace Officer in 1993, another Theft in 1993, Driving while Intoxicated in 1995, Resisting Arrest in 1995, Evading Detention in 1995, Theft by Repetition in 1995, Possession of Drug Paraphernalia in 1999 (twice), Possession of Marijuana in 2000, Possession of Drug Paraphernalia in 2000 (twice), Evading Detention in 2001, Possession of a Firearm as a felon in 2002, Disorderly Conduct in 2003, Possession of Marijuana in 2004, and the current offense [of possession of crack cocaine] in 2004 (within two years of an earlier release from prison), as well as numerous Driving under Suspended License incidents."

In view of this extensive criminal history and the fact that Green committed multiple disciplinary infractions in prison, the district court did not abuse its discretion in denying the requested reduction.

AFFIRMED.

3