**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2009

Charles R. Fulbruge III
Clerk

No. 09-40175
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CURLEY RAY MORRISON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CR-90-6

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Curley Ray Morrison, federal prisoner # 07694-078, appeals the district court's denial of relief under 18 U.S.C. § 3582(c)(2) (granting district court discretion to modify sentence when Sentencing Guideline upon which sentence was based is subsequently amended). After a jury found Morrison guilty of conspiracy to possess with the intent to distribute cocaine and three counts of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession with the intent to distribute crack cocaine, he was sentenced to 300 months of imprisonment.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission, "if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Eligibility for consideration under § 3582(c)(2) is triggered only by an amendment that lowers the applicable guidelines range. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)). Because Morrison's guidelines range was not derived from the quantity of crack cocaine involved in the offense, he was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and a reduction was not permitted. *See* § 3582(c)(2); § 1B1.10, comment. (n.1(A)).

In addition, our court has rejected the contention that a sentence reduction under § 3582(c)(2) is guided by *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009) ("the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding"), *petition for cert. filed* (Sept. 21, 2009) (No. 09-665).

Accordingly, the Government's motion for summary affirmance is GRANTED and the appeal is AFFIRMED. The Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary.