**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-40777
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVIN JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:92-CR-53-3

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alvin Jones, federal prisoner # 03778-078, appeals the denial of his 18 U.S.C. § 3582 motion to reduce his 240-month sentence following his guilty plea conviction for distributing crack cocaine. Jones filed a motion for a reduced sentence pursuant to § 3582(c)(2) in which he sought a reduction in his sentence based on Amendment 706 to the crack cocaine Guidelines. Jones appeals the district court's denial of that motion. The Government has filed a motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary affirmance or, alternatively, for an extension of time to file a brief on the merits.

Although the district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, a court's interpretation of the Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009). Because the district court's denial of Jones's motion was based on its determination that Jones's sentence remained the same under the amended Guidelines, review is de novo. *See id.*

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission, "if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Sentence reductions under § 3582 are thus governed by the policy statements of the Guidelines. *Doublin*, 572 F.3d at 237.

Under the amended Guidelines, however, Jones's offense level remained the same. The district court was thus correct in concluding that a reduction was not permitted under § 3582(c)(2). *See* § 3582(c)(2). Jones's argument that the district court had the discretion to reduce his sentence under § 3582 in light of *United States v. Booker,* 543 U.S. 220 (2005), is unavailing because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238. Although the Guidelines must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a guideline provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Id.* at 239 (internal quotation and citation omitted).

The district court thus did not err in denying Jones's motion for a reduction of sentence. The district court's judgment is AFFIRMED. The Government's motion for summary affirmance is GRANTED, and its motion for an extension of time is DENIED.