**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 6, 2010

Charles R. Fulbruge III
Clerk

No. 09-30084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAUN WATERS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-354-1

Before DAVIS, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Shaun Waters, federal prisoner # 29998-034, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the 1 November 2007, retroactive amendments to Guideline § 2D1.1, pertaining to crack-cocaine offenses. Waters was convicted and sentenced to, *inter alia*, 170 months' imprisonment for conspiring to distribute and possess with the intent to distribute cocaine, cocaine base, and heroin.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). A sentence reduction is not consistent with the Guidelines policy statement and, therefore, is not authorized by § 3582(c)(2), if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Waters' § 3582 motion was denied because the district court decided that, under the Guidelines, it could not reduce Waters' sentence due to his career-offender status. That decision is reviewed *de novo*. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Waters contends: the district court erred because Waters was sentenced under § 2D1.1, based on the quantity of drugs relevant to his offense, rather than under § 4B1.1(a), as a career offender. The presentence investigation report (PSR), to which Waters did *not* object, was adopted without change by the district court. Although the PSR stated that Waters was a career offender, it did not apply the offense level mandated by that Guideline because the offense level was not greater than the otherwise applicable offense level calculated under § 2D1.1.

If Waters' base-offense level were reduced pursuant to the amended version of § 2D1.1, the offense level for a career offender under § 4B1.1(b)(C) would become applicable. With a career-offender base-offense level of 32, a total offense level of 29 after the three-level reduction for acceptance of responsibility, and a criminal history category of VI, Waters would be subject to the same advisory guideline range upon which his original sentence was imposed.

In sum, application of the amendments would not lower Waters' applicable guideline range. Therefore, the district court did not err in denying a reduction of sentence. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

AFFIRMED.