# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2010

No. 08-30686
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANA HICKS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:94-CR-97-3

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dana Hicks, federal prisoner # 24060-034, appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Hicks pleaded guilty to possession with intent to distribute crack cocaine and was sentenced to 236 months' imprisonment. He argues that he is entitled to a reduction pursuant to Amendment 706, which modified the guidelines ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine sentences.  U.S.S.G. Supp. to App'x C, Amend. 706; *see also United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008).

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment . . . if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).  "[A] reduced term of imprisonment [is not] a matter of right," however.  U.S.S.G. § 1B1.10, comment (backg'd.); *see Doublin*, 572 F.3d at 238 ("[R]eductions under 18 U.S.C. § 3582(c)(2) are not mandatory; this section merely gives the district court discretion to reduce a sentence under limited circumstances.").

Hicks acknowledges that the district court may consider post-sentencing behavior when deciding a § 3582(c)(2) motion.  He argues that in his case, however, the district court focused only on his negative behavior and ignored his educational and vocational accomplishments.  He states that the district court's treatment of his prison record essentially re-punishes him and ignores the Sentencing Commission's concern that the previous crack cocaine sentencing regime was too high.

The amended Guidelines required that the district court consider Hicks's post-sentence conduct.  *See* § 1B1.10, comment (n.1(B)).  Given that Hicks's disciplinary record included infractions for violent behavior, the district court did not abuse its discretion in declining to reduce Hicks's sentence. *See Doublin*, 572 F.3d at 237.

AFFIRMED.