# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 08-50643
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD DEWAYNE ELLISON, also known as Reginal Dwayne Ellison,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:96-CR-125-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Reginald Dewayne Ellison, federal prisoner # 68841-080, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking a sentencing reduction based on the retroactive amendment to the crack cocaine guidelines. The district court denied the motion based on its determination that Ellison's sentence resulted not from the quantity of crack cocaine involved in his offense but from his status as a career offender. Ellison contends that, even though he was sentenced as a career offender, his sentence was nevertheless based on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50643

quantity of crack cocaine attributable to him and that he was therefore entitled to the benefit of the retroactive crack cocaine guidelines amendment.

Ellison is correct that his sentence resulted in part from the amount of crack cocaine involved in his offense. Nevertheless, even had Ellison been awarded the two-level reduction resulting from the retroactive amendment, his offense level would have been reduced from 42 to 40, which, with a criminal history category of VI, would have subjected him to the same guidelines range he originally faced, 360 months to life imprisonment. Thus, the retroactive crack amendment did not have the effect of lowering Ellison's sentencing range, and he was ineligible for § 3582(c)(2) relief. *See* § 3582(c)(2); U.S.S.G. § 1B1.10, comment. (n.1A). Because Ellison was not eligible for § 3582(c)(2) relief, his motion was properly denied, and any error in the reasons given for the district court's denial was harmless. *See* FED. R. CRIM. P. 52(a); *see also United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997). To the extent that Ellison argues that the district court could have further reduced his sentence, considering the 18 U.S.C. § 3553(a) factors and his post-sentencing conduct, the argument is without merit. *See United States v. Doublin*, 572 F.3d 235, 237-38 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009).

AFFIRMED.