# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 1, 2011

No. 10-40269
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JAMIE A. CORMIER,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-77-2

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jamie A. Cormier, federal prisoner # 11887-078, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on the United States Sentencing Commission's retroactive amendment to the base offense levels for crack cocaine offenses in 2007. He contends that the district court erred in determining that he was ineligible for a reduction of sentence because he was not serving his original term of imprisonment. The Government moves for summary affirmance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3582(c)(2) "permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas,* 105 F.3d 981, 982 (5th Cir. 1997) (per curiam). The applicable policy statement prohibits a district court from reducing a term of imprisonment below the term of imprisonment the defendant has already served. U.S.S.G. § 1B1.10(b)(2)(C), policy statement. In addition, the commentary states that a defendant may not obtain "a reduction in [any] term of imprisonment imposed upon revocation of supervised release." *Id.* at § 1B1.10, cmt. n.4(A).

As Cormier has served his original custodial sentence, the Guidelines prohibit any reduction in that sentence or the sentence Cormier received upon revocation of his supervised release. In addition, he has no remaining supervised release term that may be modified or terminated. Accordingly, Cormier can obtain no meaningful relief from the court, and his appeal is DISMISSED as moot. The Government's motion for summary affirmance is DENIED as moot.