# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENYOUN GILYARD, also known as Pop,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50110

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kenyoun Gilyard, federal prisoner # 13218-035, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon retroactive Amendment 750 to the Sentencing Guidelines. Gilyard pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base. He was held responsible for 221 grams of cocaine base and 4.1 kilograms of powder cocaine, but the powder cocaine quantity did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affect his guidelines sentence range at his original sentencing. He was originally sentenced to 312 months of imprisonment, and his sentence was reduced to 247 months of imprisonment in a § 3582(c)(2) proceeding based upon Amendment 706 to the Sentencing Guidelines.

Gilyard argues that the district court abused its discretion by denying him a sentence reduction pursuant to Amendment 750. He maintains that the district court abused its discretion by failing to determine whether his guidelines sentence range was reduced by Amendment 750. He asserts that the probation officer's determination that his guidelines sentence range was not reduced by Amendment 750 was erroneous because the probation officer either made an error in computation or improperly relied upon drug quantities that were not utilized to determine his base offense level at his original sentencing. Gilyard contends that the probation officer should not have relied upon drug quantities not utilized to determine his base offense level at his original sentencing because § 3582(c)(2) proceedings are not full resentencings and only drug quantities relied upon at the initial sentencing can be considered. He states that at his original sentencing he did not object to any drug quantities other than the 221 grams of cocaine base relied upon to calculate his base offense level because the PSR deemed the other drug quantities insignificant. He argues that reliance upon the other drug quantities in the § 3582(c)(2) proceeding violated his due process rights because he never had the opportunity to contest those drug quantities.

Contrary to Gilyard's assertion, both the quantities of cocaine base and powder cocaine were considered at his original sentencing," the powder cocaine was simply deemed insignificant because it did not change the base offense level. *See* U.S.S.G. § 2D1.1(c)(3) (2006); § 2D1.1, comment. (n.10) (2006). Likewise, when Gilyard's sentence was reduced due to Amendment 706, the

No. 14-31064

quantity of powder cocaine did not affect his guidelines sentence range. *See* § 2D1.1(c)(4) (2007); § 2D1.1, comment. (n.10(D), (E)) (2007). Amendment 750, however, did not lower Gilyard's offense level or guidelines sentence range because of the combined quantities of cocaine base and powder cocaine. *See* § 2D1.1(c)(4) (2011); § 2D1.1, comment. (n.10(D)) (2011).

As Amendment 750 did not lower Gilyard's guidelines sentence range based upon the drug quantities found at his original sentencing, Gilyard was not eligible for a sentence reduction under § 3582(c)(2), and Gilyard cannot challenge the drug quantities found at sentencing in a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011); U.S.S.G. § 1B1.10, comment. (n.1(A)). Gilyard's assertion that the consideration of the powder cocaine quantities violated his due process rights because he could not challenge them at his original sentencing is without merit as Gilyard could and did object to the majority of the powder cocaine quantity set forth in the PSR; the district court, however, overruled the objection. As Gilyard was ineligible for a sentence reduction, any error in the district court's failure to determine whether Gilyard's guidelines sentence range had been decreased was harmless. *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997).

AFFIRMED.