# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2010

Lyle W. Cayce
Clerk

No. 09-40962
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLEN BOLIVER,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:03-CR-15-1

---

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

   Glenn Boliver, federal prisoner # 10328-078, appeals the denial of his motion for relief from sentence pursuant to 18 U.S.C. § 3582(c)(2).  He sought to re-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

duce the sentence he received for his methamphetamine conspiracy conviction.

Boliver contends that Amendment 709 to the Sentencing Guidelines applies retroactively to his criminal history calculation. He also contends that he is entitled to relief because he was sentenced on incorrect factual information affecting his criminal history calculation. The government argues that the amendment does not apply retroactively and that Boliver otherwise cannot challenge his sentencing calculations in a postconviction motion to modify his sentence. Boliver replies that this court has inherent power to grant him relief.

Pursuant to § 3582(c)(2), a district court may reduce a sentence that was based on a sentencing range that subsequently was lowered by the Sentencing Commission. § 3582(c)(2); *United States v. Gonzalez-Balderas,* 105 F.3d 981, 982 (5th Cir.1997). The court may grant a reduction if the reduction is consistent with the applicable policy statements issued by the Commission. § 3582(c)(2); *Gonzalez-Balderas*, 105 F.3d at 982. Section 3582(c)(2) applies only to retroactive guidelines amendments as set forth in the guidelines policy statement. *See* U.S.S.G. § 1B1.10(a); *United States v. Shaw,* 30 F.3d 26, 28-29 (5th Cir. 1994). The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, so the denial of a § 3582(c) motion is reviewed for abuse of that discretion. *See United States v. Boe,* 117 F.3d 830, 831 (5th Cir. 1997).

The Sentencing Commission has stated in § 1B1.10 that unless an amendment is listed in § 1B1.10(c), a reduction based on the amendment under § 3582(c) is not consistent with the policy statement of § 1B1.10. *See* § 1B1.10, comment. (n.1(A)). Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10(c). *See* § 1B1.10(c). Therefore, under the plain language of § 3582(c), a court is not authorized to reduce a sentence based on Amendment 709, because that would be inconsistent with Commission policy. *See* § 1B1.10, comment. (n.1(A))*; Shaw,* 30 F.3d at 28-29.

Moreover, "[a] 3582(c)(2) motion is not the appropriate vehicle for raising issues related to the original sentencing." *United States v. Evans,* 587 F.3d 667,

674 (5th Cir. 2009) (internal punctuation marks and citation omitted), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939). Boliver's contentions that his criminal history was incorrectly calculated are "arguments for direct appeal and are not cognizable under § 3582(c)(2)." *Id.*

AFFIRMED.