# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2010

No. 09-50533
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY TAIWAN ARTHUR, also known as Anthony Arthur,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-219-2

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anthony Taiwan Arthur, federal prisoner #56077-180, pled guilty in 2005, pursuant to a written agreement, to conspiracy to possess with intent to distribute cocaine base (crack). The district court sentenced him to 210 months of imprisonment and five years of supervised release. He now moves this court for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his Federal Rule of Civil Procedure 60(b) motion, in which he sought relief from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduce his sentence based on recent amendments to the Sentencing Guidelines for crack cocaine.

By moving to proceed IFP, Arthur is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  He has not shown any error in connection with the district court's good faith determination.  Arthur has not briefed and therefore has abandoned his argument that there was a misrepresentation during his Section 3582(c)(2) proceeding insofar as his plea agreement was not considered.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The instant appeal goes only to the district court's denial of Arthur's Rule 60(b)(3) motion.  This court reviews the denial of a Rule 60(b) motion for an abuse of discretion.  *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994).

The district court did not abuse its discretion when it denied relief.  Arthur's argument that the district court erred in relying on a policy statement to deny his Section 3582(c)(2) motion does not implicate Rule 60(b)(3) because it does not involve misrepresentation or fraud.  *See* Fed. R. Civ. P. 60(b)(3).  To the extent Arthur's argument can be liberally construed to be that he was entitled to Rule 60(b)(1) relief, which provides relief from a judgment based on mistake, Arthur cannot show an abuse of discretion.  The district court did not err in finding that his guidelines range of imprisonment did not change with the amendments to the Guidelines and that he was not entitled to Section 3582(c)(2) relief in light of the quantity of cocaine base involved in the offense.  *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997); U.S. Sentencing Guidelines Manual § 1B1.10, p.s.

Arthur's argument that the district court never should have held him accountable for 14 kilograms of cocaine base is not subject to this court's review

because it was made for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). In any event, that argument is unavailing because Amendment 706 applies only to offense levels based on crack cocaine and does not apply to initial findings on drug quantity. *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amend. 706 (2007). Moreover, a Section 3582(c)(2) proceeding is not the appropriate vehicle to raise issues related to the original sentencing. *United States v. Evans*, 587 F.3d 667, 674 (5th Cir.), *cert. denied*, 130 S. Ct. 3462 (2010) (citation omitted).

Arthur's suggestion that the district court had the discretion to reduce his sentence under Section 3582(c)(2) in light of *United States v. Booker*, 543 U.S. 220 (2005)*,* is meritless because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2692-93 (2010).

Arthur has not shown that the district court's determination that his appeal would be frivolous is incorrect. His IFP motion is DENIED, and his appeal is DISMISSED as frivolous. 5th Cir. R. 42.2.