# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 29, 2010

Lyle W. Cayce
Clerk

No. 09-10065
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRACIE WALKER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-3-7

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gracie Walker, federal prisoner # 35712-177, appeals the denial of her motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). She pleaded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty to conspiracy to distribute a controlled substance and was sentenced under the career offender provision, U.S.S.G. § 4B1.1, to 290 months of imprisonment.

Walker contends that Amendment 709 to the sentencing guidelines applies retroactively to her criminal history calculation because the amendment became effective while her case was pending on direct appeal. She asserts that under several subsections of § 4A1.2, as amended by Amendment 709, criminal history points were improperly assigned to her sentences.

The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, so the denial of a § 3582(c) motion is reviewed for abuse of that discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). The district court is authorized to reduce a sentence based on a sentencing range that subsequently was lowered by the Sentencing Commission only if the amendment to the guidelines is listed in U.S.S.G. § 1B1.10(c). *See* § 3582(c)(2); § 1B1.10(a)(1); § 1B1.10, comment. (n.1(A)); *United States v. Gonzalez-Balderas,* 105 F.3d 981, 982 (5th Cir. 1997). Amendment 709 is not listed in § 1B1.10(c), so the district court was not authorized to reduce the sentence pursuant to § 3582(c)(2), and the denial of the motion was not an abuse of discretion. *See Evans*, 587 F.3d at 672, 674.

Walker's motion for the appointment of counsel is DENIED. There is no right to appointed counsel in a § 3582(c)(2) proceeding. *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). Moreover, because the district court was not authorized to grant § 3582(c)(2) relief, the interest of justice does not require appointment of counsel. *Cf. United States v. Robinson,* 542 F.3d 1045, 1052 (5th Cir. 2008) (finding that the interest of justice required the appointment of counsel where appeal raised issues not previously resolved by this court's precedent).

AFFIRMED.