# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2010

Lyle W. Cayce
Clerk

No. 09-40103
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

THOMAS ARTHUR GRIMALDO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:01-CR-12-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Thomas Arthur Grimaldo, federal prisoner # 44990-079, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on the crack-cocaine amendments to the Sentencing Guidelines. Section 3582 provides a district court discretion to reduce a term of imprisonment if, *inter alia*, the "sentencing range . . . has subsequently been lowered by" amendment to the Guidelines. 18 U.S.C. § 3582(c)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40103

A district court's decision on whether to reduce a sentence is reviewed for abuse of discretion; its interpretation of the Guidelines, *de novo*. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Eligibility for a § 3582 reduction "is triggered only by an amendment . . . that lowers the applicable guideline range". U.S.S.G. § 1B1.10, cmt. n.1A; *see United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Due to the amount of crack-cocaine involved in Grimaldo's offense, his offense level was *not* reduced by the crack-cocaine amendments. Therefore, he is *not* eligible for a sentence reduction under § 3582. *See* § 1B1.10, cmt. n.1A; *Gonzalez-Balderas*, 105 F.3d at 984.

Grimaldo contends: the amended crack-cocaine Guideline conflicts with *United States v. Booker*, 543 U.S. 220 (2005), and impermissibly precludes the district court from considering the 18 U.S.C. § 3553(a) factors in reducing his sentence below the Guidelines range of imprisonment; *Booker* prohibits a mandatory application of the Guidelines; and an analysis of several § 3553(a) factors, including his history, characteristics, and the nature and circumstances of the offense, warrant a lower sentence.

*Booker* does *not* apply to a § 3582(c)(2) proceeding. *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 238-39 (5th Cir.), *cert denied*, 130 S. Ct. 517 (2009). Accordingly, a § 3582 movant is entitled, at most, to the reduction allowed by the amended Guidelines range; a sentencing court lacks discretion to reduce the sentence any further than allowed by the amendments. *Doublin*, 572 F.3d at 238. Because Grimaldo is *not* entitled to a sentence reduction based on the crack-cocaine amendments, no relief is available under § 3582. *See Id.*

AFFIRMED.