# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 5, 2010

Lyle W. Cayce
Clerk

No. 09-20066
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR MOSQUERA GAMBOA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:93-CR-82-3

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Edgar Mosquera Gamboa, federal prisoner # 60512-079, was convicted of conspiring to possess with the intent to distribute more than five kilograms of cocaine, possessing with the intent to distribute more than five kilograms of cocaine, and money laundering. He appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for modification of his sentence based on three retroactive amendments to the Sentencing Guidelines. In his opening brief, Gamboa challenges only the denial of relief under Amendment 505,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

although he moves for leave to file a reply brief (which he styles a traverse) out of time to present additional claims. Issues not raised in an appellant's opening brief, however, are deemed abandoned. *Morgan v. Swanson*, 610 F.3d 877, 884 n.10 (5th Cir. 2010).

Section 3582(c)(2) permits the court to modify a defendant's sentence in some instances when the Sentencing Commission lowers the applicable Guidelines range of imprisonment after the defendant has been sentenced. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); U.S.S.G. § 1B1.10, comment. (n.1A). We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, reviewing its application of the Guidelines de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Amendment 505 has no effect on Gamboa's Guidelines sentencing range. That amendment lowered from 42 to 38 the maximum base offense level for drug offenses under U.S.S.G. § 2D1.1. U.S.S.G. App. C., amend. 505 (effective Nov. 1, 1994); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Gamboa was held responsible for 392 kilograms of cocaine and accordingly received a base offense level of 38, *United States v. Gamboa*, No. 94-20182, 1995 WL 534866, at *9 (5th Cir. Aug. 15, 1995), the same base offense level he would have received under the new guideline, *see* U.S.S.G. § 2D1.1(c)(1).

Gamboa also contends that as charged in the indictment, the crimes do not support the life sentences he received and that his counsel was ineffective. Section 3582(c)(2) is not the proper vehicle for Gamboa to raise these claims. A § 3582(c)(2) motion cannot be used to challenge the correctness of the original sentence. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *see also Evans*, 587 F.3d at 674 (explaining that a § 3582(c)(2) motion is not the appropriate vehicle to raise challenges to the original sentencing proceeding).

No. 09-20066

Accordingly, the decision of the district court is AFFIRMED. Gamboa's motion to file a reply brief out of time is DENIED.