# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2010

Lyle W. Cayce
Clerk

No. 09-50782
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

T. J. SMITH, III,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-688-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

T. J. Smith, III, federal prisoner #67055-180, appeals pro se from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on the crack cocaine amendments to the U.S. Sentencing Guidelines (U.S.S.G.). Smith moves for permission to appeal in forma pauperis (IFP). The district court has certified that the appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3582 allows a district court to reduce a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by" an amendment to the Sentencing Guidelines.  18 U.S.C. § 3582(c)(2).  Eligibility for a § 3582 reduction "is triggered only by an amendment . . . that lowers the applicable guideline range."  U.S.S.G. § 1B1.10 cmt. n.1(A); *see United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).  In this instance, because Smith's 240-month sentence was mandated by statute, the amendments did not lower his guidelines range.  *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851(a)(1).  Therefore Smith was not eligible for a sentence reduction under § 3582.  *See* U.S.S.G. § 1B1.10 cmt. n.1(A); *Gonzalez-Balderas*, 105 F.3d at 983, 984.

Smith asserts that the Sentencing Guidelines are not mandatory and argues that the sentencing court should have exercised its discretion under *United States v. Booker*, 543 U.S. 220 (2005), and imposed a "reasonable" sentence below the guidelines range based on the sentencing factors of 18 U.S.C. § 3553(a).  *Booker* does not apply to a § 3582(c)(2) proceeding.  *Dillon v. United States*, 130 S. Ct. 2683, 2691-93 (2010); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert denied*, 130 S. Ct. 517 (2009).  Accordingly, a movant under § 3582 is entitled at most to the reduction allowed by the amended guidelines range, and a sentencing court lacks discretion to reduce the sentence any further than that allowed by the amendment.  *Doublin*, 572 F.3d at 238.  Moreover, consideration of § 3553(a) is obviated where a reduction is precluded by the inapplicability of § 3582.  *See* U.S.S.G. § 1B1.10(a)(2)(B).  Because Smith was not entitled to a sentence reduction based on the crack cocaine amendment, no relief is available under § 3582.  *See Doublin*, 572 F.3d at 238.

Smith has failed to show that he will raise a nonfrivolous issue on appeal.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, his motion to proceed IFP is DENIED.  Because the appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2.