# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 1, 2010

No. 09-60391
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES EDWARD JEFFERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:93-CR-21-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

James Edward Jefferson, federal prisoner # 09646-042, filed an 18 U.S.C. § 3582(c)(2) motion and two amended § 3582 motions for reduction of his sentence based on Sentencing Guideline Amendments 505, 516, 599, and 709. The federal public defender, on behalf of Jefferson, filed a § 3582 motion for reduction of sentence based on Sentencing Guideline Amendment 706.

The district court concluded that Jefferson was not eligible for relief under Amendment 706 because his offense involved more than 4.5 kilograms of crack

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine.  After Jefferson argued that the district court had not addressed his remaining claims as to Amendments 505, 516, 599, and 709, the district court concluded that these other claims constituted a 28 U.S.C. § 2255 motion.  The district court then denied Jefferson's motion and denied a certificate of appealability (COA).  Jefferson has filed a motion to proceed in forma pauperis (IFP) on appeal.

Under 28 U.S.C. § 1915(a), a federal court may certify an appeal for IFP status if the appeal is taken in good faith.  "Good faith is demonstrated when a party seeks appellate review of any issue not frivolous." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  This court's inquiry into the prisoner's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Id.* (citation omitted);  *see also Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Probable success on the merits is not required.  *Howard*, 707 F.2d at 220.

Jefferson alleges that the district court abused it discretion when it denied his § 3582 motion.  Specifically, Jefferson argues that the district court erred when its order, which denied him a reduction in his sentence, addressed only Amendment 706 and failed to address Amendments 505, 516, 599, and 709.  Additionally, liberally construing Jefferson's argument that the district court erred when it failed to consider his § 3582 motion, *see Haines v. Kerner*, 404 U.S. 519, 519-20 (1972), Jefferson argues that the district court erred when it construed Jefferson's § 3582 motion as a § 2255 motion.

Section 3582(c)(2) permits the discretionary reduction of a defendant's sentence where the applicable sentencing range is later lowered by the Sentencing Commission.  *See* § 3582(c)(2); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009).  A district court's decision whether to reduce a sentence is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo.  *Id.*

Jefferson correctly argues that the district court erred when it treated his § 3582 motion as a § 2255 motion. Jefferson's pleadings alleged that he was entitled to a modification of his sentence as a result of retroactive amendments to certain sentence guidelines that lowered his applicable sentencing guidelines range. These allegations were correctly presented to the district court in § 3582 motions. See § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).

Under the law of the case doctrine, Jefferson's claims concerning Amendments 505 and 516 are barred from consideration, as they were presented to the district court in a § 3582 motion filed in 1997. *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). In his brief to this court, Jefferson has not challenged the reasons for the district court's denial of § 3582 relief based on Amendment 706. Any claims regarding Amendment 706 are therefore deemed abandoned. *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

As for Jefferson's claims regarding sentencing enhancements and the drug amount not being determined by a jury, these claims are not based on a retroactive amendment to the Sentencing Guidelines and are therefore not cognizable under § 3582. *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). Regarding Jefferson's assertion that the district court erred by failing to allow him to object to the addendum to the Presentence Report (PSR), Jefferson has not established that a PSR addendum was created in response to his § 3582 motions, much less that the district court considered an addendum without providing him with notice and an opportunity to respond.

Accordingly, IT IS ORDERED that Jefferson is GRANTED IFP; that Jefferson's motion for leave to file an out-of-time reply brief is DENIED; that a certificate of appealability is DENIED AS UNNECESSARY; that the denial of Jefferson's § 3582 motion as to Sentencing Guideline Amendment 706 is

AFFIRMED; that the order construing Jefferson's § 3582 motion as a § 2255 motion is VACATED; that the matter is REMANDED for consideration of Jefferson's § 3582 motion regarding Sentencing Guideline Amendments 599 and 709; and that any claims regarding Sentencing Guideline Amendments 505 and 516 need not be considered on remand.