# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 08-11164
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRACEY DEMARK GARRETT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-373-2

Before KING, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tracey Demark Garrett, federal prisoner # 31079-077, appeals from the
district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence
reduction based on the crack cocaine amendments to the Sentencing Guidelines.
Section 3582(c)(2) allows a district court to reduce a term of imprisonment that
was "based on a sentencing range that has subsequently been lowered by" an
amendment to the Guidelines.  § 3582(c)(2).  Eligibility for a § 3582(c)(2)
reduction "is triggered only by an amendment . . . that lowers the applicable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

guideline range." U.S.S.G. § 1B1.10, comment. (n.1(A)); *see United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Although the crack cocaine amendment reduced Garrett's offense level, it did not reduce his sentencing range, which remained 360 months to life in prison. Therefore, he was not eligible for a sentence reduction under § 3582(c)(2). *See* § 1B1.10, comment. (n.1(A)); *Gonzalez-Balderas*, 105 F.3d at 984.

Garrett argues that the sentencing court should have exercised its discretion under *United States v. Booker*, 543 U.S. 220 (2005), and imposed a "reasonable" sentence below the guidelines range based on the sentencing factors of 18 U.S.C. § 3553(a). He asserts that his sentence was not reasonable due to the disparity between it and the sentences imposed on co-conspirators. *Booker* does not apply to a § 3582(c)(2) proceeding. *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert denied*, 130 S. Ct. 517 (2009). Accordingly, a movant under § 3582(c)(2) is entitled at most to the reduction allowed by the amended guidelines range, and a sentencing court lacks discretion to reduce the sentence any further than that allowed by the amendment. *Doublin*, 572 F.3d at 238. Because Garrett was not entitled to a sentence reduction based on the crack amendment, no relief is available under § 3582(c)(2). *See id.*

The judgment of the district court is AFFIRMED.