# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 08-50506
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL RUIZ, also known as Veneno,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-144-14

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Paul Ruiz, federal prisoner # 39507-180, pleaded guilty to one count of conspiracy to violate the Racketeering and Corrupt Organizations Act through gang-related activity involving, among other things, the distribution of crack cocaine, in violation of 18 U.S.C. § 1962. He appeals the district court's order granting the Government's motion to reduce his sentence, pursuant to 28 U.S.C. § 3582(c)(2), based on the retroactive amendment to the crack cocaine guideline. The district court granted a two-level reduction to his total offense level and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50506

sentenced him to the lowest available sentence under the amended guidelines range, 324 months.

Ruiz contends that the district court erred by granting the Government's § 3582(c)(2) motion without providing him notice, the opportunity to respond, or an evidentiary hearing.  He argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors and his postconviction conduct in imposing the reduced sentence and further argues that the district court's failure to provide notice and a hearing foreclosed him from seeking an additional sentencing reduction, urging that the two-level reduction awarded was insufficient.

Ruiz has failed to demonstrate an abuse of discretion on the district court's part.  *See United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).  The record demonstrates that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors.  *See United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009).  The true nature of Ruiz's argument is not that the district court failed to consider the § 3553(a) factors in formulating the sentence imposed but that the district court failed to vary below the amended guidelines range based on the § 3553(a) factors, *Booker v. United States,* 543 U.S. 220 (2005)*,* and its progeny.  The argument is meritless.  *Booker* does not apply to sentence reductions under § 3582(c)(2), and a district court considering such a motion may not impose a sentence below the amended guideline range.  *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010); *United States v. Doublin*, 572 F.3d 235, 236-39 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009).

Moreover, because the district court granted Ruiz all possible available relief under the retroactive amendment to the crack guideline, any error resulting from its failure to provide him with notice, the opportunity to respond, or a hearing was harmless.  *See* FED. R. CRIM. P. 52(a); *see also United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997).  The district court's order is AFFIRMED.