# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2011

No. 10-20475
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:92-CR-184-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Richard Cruz, federal prisoner # 60692-079, appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He was found guilty by a jury of being a felon in possession of a firearm and was sentenced to 235 months in prison.

Cruz contends that Amendment 709 to the sentencing guidelines applies retroactively to his criminal history calculation because the amendment is a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clarifying amendment. He asserts that as a result of the amendment, his criminal history score should be recalculated.

The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, so the denial of a § 3582(c) motion is reviewed for abuse of that discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). The district court is authorized to reduce a sentence based on a sentencing range that subsequently was lowered by the Sentencing Commission only if the amendment to the guidelines is listed in U.S.S.G. § 1B1.10(c). *See* § 3582(c)(2); § 1B1.10(a)(1); § 1B1.10, comment. (n.1(A)); *United States v. Gonzalez-Balderas,* 105 F.3d 981, 982 (5th Cir. 1997). Amendment 709 is not listed in § 1B1.10(c), so the district court was not authorized to reduce the sentence pursuant to § 3582(c)(2), and the denial of the motion was not an abuse of discretion. *See Evans*, 587 F.3d at 672, 674.

Cruz's motion for the appointment of counsel is DENIED. There is no right to appointed counsel in a § 3582(c)(2) proceeding. *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). Moreover, because the district court was not authorized to grant § 3582(c)(2) relief, the interest of justice does not require appointment of counsel. *Cf. United States v. Robinson,* 542 F.3d 1045, 1052 (5th Cir. 2008) (finding that the interest of justice required the appointment of counsel where appeal raised issues not previously resolved by this court's precedent).

AFFIRMED; Motion DENIED.