REVISED OCTOBER 21, 2011

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2011

Lyle W. Cayce
Clerk

No. 11-10122
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY LEE BRADFORD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-217-2

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Roy Lee Bradford, federal prisoner # 10363-077, appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). In 1999, he was found guilty by a jury of one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin, four counts of possession with intent to distribute cocaine and aiding and abetting, one count of possession with intent to distribute cocaine base and aiding and abetting, two counts of possession with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent to distribute cocaine base and aiding and abetting, and six counts of use of a communication facility to facilitate the commission of conspiracy to distribute a controlled substance. He was sentenced to a total term of 292 months of imprisonment. His convictions and sentences were affirmed on appeal.

In 2008, proceeding pro se, Bradford filed a § 3582(c) motion based on Amendment 706 to the Sentencing Guidelines. The district court granted Bradford's motion and reduced his sentence to 235 months in prison. In 2010, again proceeding pro se, Bradford filed a second § 3582(c) motion, requesting a further reduction in his sentence based on Amendment 748, which implemented substantive provisions of the Fair Sentencing Act of 2010 ("the FSA") in the 2010 Sentencing Guidelines, and the 18 U.S.C. § 3553(a) sentencing factors. The district court denied relief stating that Amendment 748 was not designated as an amendment to be given retroactive effect. On appeal, Bradford contends that the district court erred in denying his § 3582 motion.

The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, so the denial of a § 3582(c) motion is reviewed for abuse of that discretion. United States v. Evans, 587 F.3d 667, 672 (5th Cir. 2009), cert. denied, 130 S. Ct. 3462 (2010). The district court is authorized to reduce a sentence based on a sentencing range that subsequently was lowered by the Sentencing Commission only if the amendment to the guidelines is listed in U.S.S.G. § 1B1.10(c). See § 3582(c)(2); § 1B1.10(a)(1); § 1B1.10, comment. (n.1(A)); United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). Currently, Amendment 748, which will be redesignated as Amendment 750, is not listed in § 1B1.10(c), so the district court was not authorized to reduce Bradford's sentence pursuant to § 3582(c)(2). See Evans, 587 F.3d at 672, 674. Amendment 750 will not have retroactive effect until its effective date of November 1, 2011. Should Bradford become eligible for a lower sentence in November 2011, he may file a § 3582(c) motion at that time.

Because Bradford was not eligible for a reduction under § 3582(c), the district court did not abuse its discretion in denying his § 3582(c) motion. See § 1B1.10(c); Dillon v. United States, 130 S. Ct. 2683, 2691-92 (2010); United States v. Doublin, 572 F.3d 235, 238 (5th Cir. 2009). Accordingly, the district court's judgment is AFFIRMED. Bradford's motion for appointment of counsel is DENIED.