**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2012

Lyle W. Cayce
Clerk

No. 11-51195
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TASHANDLA JACKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-219-4

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tashandla Jackson, federal prisoner # 39122-180, pleaded guilty to aiding and abetting the possession of 50 grams or more of cocaine base with intent to distribute, and she was sentenced to 60 months of imprisonment and five years of supervised release. After Jackson served her sentence of imprisonment, the district court revoked her supervised release, and it sentenced her to 60 months of imprisonment. Jackson filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), and the district court denied the motion. Jackson now

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of her § 3582(c)(2) motion. By seeking leave to proceed IFP, Jackson is challenging the district court's certification that her appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Jackson maintains that her original sentence was imposed under a crack to powder ratio of 100 to 1 and that it would be unfair for her not to receive the benefit of the new law lowering the ratio just because she is serving a sentence for the revocation of her supervised release. She argues that the district court did not calculate her guidelines sentence range correctly under the new law and that the district court had the discretion to modify her sentence.

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). The applicable policy statement prohibits a district court from reducing a term of imprisonment below the term of imprisonment the defendant has already served. U.S.S.G. § 1B1.10(b)(2)(C), p.s. The commentary states that a defendant may not obtain "a reduction in [any] term of imprisonment imposed upon revocation of supervised release." § 1B1.10, comment. (n.4(A)). Although the Guidelines are advisory in light of *United States v. Booker*, 543 U.S. 220 (2005), *Booker* does not apply to § 3582(c)(2) proceedings. *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). As Jackson has served her original custodial sentence, the district court had no authority to reduce that sentence or the sentence she received upon revocation of her supervised release.

Jackson has failed to raise any nonfrivolous issues for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.